IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL ROBERT PAPPAS,         ) | |
|                                ) | |
|             Plaintiff,         ) | |
|                                ) | Case No. 15 C 8115 |
|         v.                     ) | |
|                                ) | |
| EXPERIAN INFORMATION           ) | |
| SOLUTIONS, INC.,               ) | |
|                                ) | |
|             Defendant.         ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On June 30, 2016, Plaintiff Michael Robert Pappas brought a one-count First Amended Complaint against Experian Information Solutions, Inc. ("Experian") for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Before the Court are the parties' cross-motions for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(a) and Northern District of Illinois Local 56.1. For the following reasons, the Court grants Defendant's motion for summary judgment and denies Plaintiff's motion for summary judgment. The Court dismisses this lawsuit in its entirety.

## FACTUAL BACKGROUND

Plaintiff Michael Robert Pappas is an Illinois resident and a consumer as defined by the FCRA. (R. 103, Def.'s Rule 56.1 Stmt. Facts ¶ 1; R. 107, Pl.'s Rule 56.1 Stmt. Facts ¶ 1.) Experian is a credit reporting agency ("CRA") as defined by the FCRA. (Def.'s Stmt. Facts ¶ 2.) Experian's business consists, in part, of compiling consumer credit information and providing that information to third parties. (*Id*.; Pl.'s Stmt. Facts ¶ 2.) Experian maintains credit information about Plaintiff. (Def.'s Stmt. Facts ¶ 2.)

On April 27, 2013, Plaintiff filed a petition for Chapter 13 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Illinois. (Def.'s Stmt. Facts ¶ 6; Pl.'s Stmt. Facts ¶ 8.) At that time, Plaintiff owned investment rental properties in Plano, Plainfield, and Diamond, Illinois. (Def.'s Stmt. Facts ¶ 6; Pl.'s Stmt. Facts ¶ 1.) U.S. Bank Home Mortgage ("U.S. Bank") owned the mortgage loans and Cenlar Central Loan Administration ("Cenlar") serviced the Plainfield property. (Pl.'s Stmt. Facts ¶¶ 6, 7.) Plaintiff attempted to sell these Illinois rental properties prior to filing for Chapter 13 bankruptcy protection, but failed to do so. (Def.'s Stmt. Facts ¶ 8.) Accordingly, Plaintiff filed for bankruptcy protection to minimize the loss on the properties by using Chapter 13 as a reorganization mechanism. (*Id.*) As a credit analyst and loan originator, Plaintiff knew that filing for bankruptcy protection would negatively impact his ability to obtain new credit. (*Id.* ¶¶ 5, 14.) Indeed, Plaintiff testified at his deposition that it makes sense "banks don't want to lend to people who are immediately coming out of bankruptcy." (*Id.* ¶ 14.)

The bankruptcy court entered an order of discharge on February 4, 2014. (Pl.'s Stmt. Facts ¶ 14.) The discharge order, however, did not specify which debts were included in the court's discharge. (Def.'s Stmt. Facts ¶ 19.) Nevertheless, Plaintiff's confirmed Chapter 13 bankruptcy plan called for him to surrender the Plano, Plainfield, and Diamond properties. (*Id.* ¶ 15.) U.S. Bank filed a foreclosure action in the Circuit Court of Kendall County, Illinois on June 9, 2014 and the Circuit Court entered an order confirming the sale of the Plano property on July 27, 2015. (*Id.* ¶ 16.) Also, U.S. Bank filed for foreclosure of the Plainfield property (Circuit Court of Will County) that was completed on June 11, 2014 and Diamond property (Circuit Court of Grundy County) that was completed on June 9, 2016. (*Id.*)

In the interim, on April 17, 2015, Plaintiff obtained a tri-merge credit report, which combines the three national CRAs' credit information. (Def.'s Stmt. Facts ¶ 22; R. 88-14, Ex. N, 4/17/15 SettlementOne Report.) Plaintiff's April 2015 credit report showed that the U.S. Bank and Cenlar accounts included past due notifications – despite the bankruptcy discharge. (Def.'s Stmt. Facts ¶ 22; R. 111, Def.'s Add'l Facts ¶ 21.) U.S. Bank and Cenlar had provided Experian with this account information reported on Plaintiff's April 2015 credit report. (Def.'s Stmt. Facts ¶ 46.)[1] The April 2015 credit report also indicated that foreclosure proceedings were pending in relation to the Illinois rental properties. (Def.'s Stmt. Facts ¶ 22; Ex. N, SettlementOne Report at 8.) On May 28, 2015, Experian received a dispute letter from Plaintiff asking it to "update the subject credit file(s) to reflect the discharged status of the debts as indicated on the Final Report from the [bankruptcy] Trustee." (Def.'s Add'l Facts ¶ 22; Pl.'s Stmt. Facts ¶ 28.) Plaintiff's dispute letter specifically requested that Experian investigate several accounts, including the accounts with U.S. Bank and Cenlar. (Def.'s Add'l Facts ¶ 23.) Before Experian received Plaintiff's dispute letter on May 28, 2015, U.S. Bank had deleted its reporting for one of the accounts. (*Id.* ¶ 24.) Thus, in response to Plaintiff's dispute letter, Experian reviewed the correspondence and accompanying documents and then updated the remaining U.S. Bank and Cenlar accounts to reflect that they had been discharged in Plaintiff's Chapter 13 bankruptcy. (*Id.* ¶ 25.) Experian completed its response to Plaintiff's first dispute

---

[1] Although Plaintiff disputes this statement of material fact, his refutation of this statement is not supported by any relevant admissible evidence, and thus the Court deems this fact as admitted for summary judgment purposes. *See Curtis v. Costco Wholesale Corp.,* 807 F.3d 215, 219 (7th Cir. 2015) ("When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion.") (citation omitted).

letter on June 2, 2015 and sent Plaintiff a new copy of his consumer disclosure on June 2, 2015. (*Id.* ¶¶ 27, 28.) In addition, Plaintiff sent a duplicate dispute letter on June 1, 2015, to which Experian responded on June 3, 2015 by re-applying the updates it made in the first letter. (*Id.* ¶ 29; Pl.'s Stmt. Facts ¶ 33.) Experian maintains that after updating Plaintiff's accounts pursuant to his May and June 2015 dispute letters, it provided Dispute Resolution Notifications ("DRNs") to U.S. Bank and Cenlar. (Def.'s Add'l Facts ¶¶ 27, 29.) Plaintiff, on the other hand, contends that U.S. Bank and Cenlar never received these DRNs. (Pl.'s Stmt. Facts ¶ 31.)

Also in the spring of 2015, Plaintiff decided to buy a vacation home in Wisconsin. (Pl.'s Stmt. Facts ¶ 25.) When he contacted a mortgage broker at Compass Mortgage in Warrenville, Illinois, the broker told Plaintiff he would not qualify for a mortgage loan while there were two pending foreclosure actions related to the Illinois rental properties. (Def.'s Stmt. Facts ¶ 23.) In May 2015, Plaintiff contacted a mortgage broker at 1st Advantage Mortgage, who also informed Plaintiff that he would not be able to get a mortgage loan until the remaining foreclosures actions in the Illinois courts had been completed. (*Id.* ¶ 24.) In fact, Plaintiff testified at his deposition that the mortgage underwriters' ultimate concern preventing him from getting a mortgage loan for his Wisconsin vacation property concerned the two pending foreclosures on the surrendered properties. (R. 112-2, Pl.'s Dep., at 113-15; Def.'s Stmt. Facts ¶ 16.) Plaintiff eventually bought a vacation home in Wisconsin by paying approximately $400,000 in cash. (Pl.'s Dep., at 116; Def.'s Stmt. Facts ¶ 26.)

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P.

4

56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted). "To survive summary judgment, the non-moving party must show evidence sufficient to establish every element that is essential to its claim and for which it will bear the burden of proof at trial." *Life Plans, Inc. v. Security Life of Denver Ins. Co.,* 800 F.3d 343, 349 (7th Cir. 2015).

## ANALYSIS

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 52 (2007). "Credit reporting agencies prepare reports that provide information about a person's finances – such things as bill-payment history, loans, current debt, and other information" that "is intended to help lenders decide whether to extend credit or approve a loan and what interest rate to charge." *Brill v. TransUnion LLC,* 838 F.3d 919, 919-20 (7th Cir. 2016).

5

In his First Amended Complaint, Plaintiff alleges that Experian violated the FCRA by failing to follow reasonable procedures to ensure the accuracy of his credit information and failing to properly reinvestigate after he complained of this inaccuracy. *See* 15 U.S.C. §§ 1681e(b), 1681i(a). The FCRA "provides that 'whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.'" *Childress v. Experian Info. Sols., Inc.,* 790 F.3d 745, 746 (7th Cir. 2015) (quoting 15 U.S.C. § 1681e(b)). To establish that a CRA failed to follow reasonable procedures pursuant to § 1681e(b), a consumer must show that there was inaccurate information in his consumer credit report due to the CRA's failure to follow reasonable procedures and that this inaccuracy caused him to suffer damages. *See Lamar v. Experian Info. Sys.,* 408 F. Supp. 2d 591, 595 (N.D. Ill. 2006); *Sarver v. Experian Info. Sols., Inc.,* 299 F. Supp. 2d 875, 876 (N.D. Ill. 2004). Moreover, "[o]nce a consumer report exists, [the FCRA] triggers various duties on the part of a reporting agency, including the obligation to reinvestigate when a consumer contends that [her] consumer report is inaccurate or incomplete[.]" *Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 607 (7th Cir. 2005) (citation omitted). In other words, a CRA must "reinvestigate items on a credit report when a consumer disputes the validity of those items." *Sarver v. Experian Info. Sols., Inc.*, 390 F.3d 969, 970-71 (7th Cir. 2004).

Before any discussion of the reasonableness of Experian's reinvestigation or its procedures ensuring accuracy is necessary, the Court turns to whether Plaintiff has set forth evidence creating a genuine dispute for trial that he suffered damages as a result of the inaccurate information in his April 2015 credit report. *See Ruffin-Thompkins,* 422 F.3d at 607-08; *see also*

6

*Sarver,* 390 F.3d at 971 (plaintiff "must show that he suffered damages as a result of the inaccurate information"). "The FCRA does not presume damages; instead, [] the consumer must affirmatively prove that she is entitled to damages." *Ruffin-Thompkins,* 422 F.3d at 610; *see also Sarver,* 390 F.3d at 971 ("the FCRA is not a strict liability statute"). In addition, "[w]ithout a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of 'actual damages.'" *Crabill v. Trans Union, L.L.C.,* 259 F.3d 662, 664 (7th Cir. 2001) (citation omitted).

Viewing the facts and all reasonable inferences in Plaintiff's favor, he has failed to present evidence creating a genuine dispute of material fact for trial that he suffered actual damages as a result of inaccurate information in his April 2015 consumer credit report. *See Life Plans,* 800 F.3d at 349 ("To survive summary judgment, the non-moving party must show evidence sufficient to establish every element that is essential to its claim and for which it will bear the burden of proof at trial."). In his First Amended Complaint, Plaintiff alleges that he suffered actual damages because he was denied a mortgage loan for his Wisconsin vacation home in the spring of 2015 due to his credit score. It is undisputed, however, that two separate mortgage brokers told Plaintiff he did not qualify for a mortgage loan due to the pending foreclosures on the Illinois rental properties. Indeed, Plaintiff admitted at his deposition that the ultimate issue preventing him from getting a mortgage for his Wisconsin vacation home was the pending foreclosures on the Plano and Diamond properties in the Illinois Circuit Courts – not any inaccuracy in his credit report concerning the U.S. Bank and Cenlar accounts or his credit score. Accordingly, Plaintiff's claim that the inaccurate information on his consumer credit report caused him actual damages is belied by his own deposition testimony.

7

Next, Plaintiff argues that he need not prove actual damages because he has also alleged a willful violation of the FCRA, and thus Experian is subject to statutory damages. *See Meyers v. Nicolet Rest. of De Pere, LLC,* 843 F.3d 724, 725 (7th Cir. 2016) ("Each willful violation entitles consumers to recover either 'any actual damages sustained ... as a result' of the violation or statutory damages of between $100 and $1,000.") (quoting 15 U.S.C. § 1681n(a)(1)(A)). To act willfully, a defendant must knowingly or with reckless disregard for its statutory obligations violate the FCRA. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-59 (2007).

In support of his argument that Experian knowingly or with reckless disregard violated the FCRA, Plaintiff maintains that Experian may have improperly provided information about his account history to third parties and that "Experian's shifting narrative about the availability of account history data raises factual questions, even if Plaintiff cannot show actual damages." (R. 116, Pl.'s Reply, at 8.) To clarify, Plaintiff contends that Experian has shifted its narrative about whether it offers a product to third parties concerning consumers' account history. The evidence in the record does not support Plaintiff's argument of a "shifting narrative" because Experian has consistently maintained that it did not have a product for third parties that reproduces a consumer's entire account history block as it appears on a consumer disclosure.[2] (Def.'s Stmt. Facts ¶¶ 54, 55; R. 103-1, Ex. A, Methvin Aff. ¶ 38; R. 103-2, Ex. B, Scott Dep., at 83.) Further, there is no evidence in the record that Experian provided Plaintiff's entire account history to a third party in the first instance. (*See* Def.'s Stmt. Facts ¶ 58.) As such, Plaintiff is attempting to create a disputed fact for trial to support his vague argument that Experian's "ever-

---

[2] "Under 15 U.S.C. § 1681g, a consumer reporting agency is required to provide a consumer with a disclosure of his full file upon request." *Oses v. Corelogic Saferent, LLC,* 171 F. Supp. 3d 775, 782 (N.D. Ill. 2016).

changing story" may have affected his credit score. Because Plaintiff has failed to present any evidence raising a genuine dispute of material fact for trial that Experian knowingly or with reckless disregard violated the FCRA by "shifting its narrative" on a product for third parties, he has not establish that Experian's conduct triggered statutory damages.

In addition, Plaintiff argues that Experian knowingly violated the FCRA because Experian failed to provide "all relevant information" to U.S. Bank and Cenlar after Plaintiff's May and June 2015 dispute letters. *See* 15 U.S.C. § 1681i(a)(2)(B). Specifically, relying on non-controlling authority, Plaintiff argues that providing "all relevant information" consists of more than sending automated consumer dispute verification notices or DRNs to data furnishers, but instead a CRA must also supply all relevant underlying documentation. *See, e.g., Dixon-Rollins v. Experian Info. Sols., Inc.,* 753 F. Supp. 2d 452, 465 n.7 (E.D. Pa. 2010) ("Trans Union has also been warned repeatedly about its obligation under § 1681i(a)(2)(B) to forward all relevant material provided by the consumer to the original source."). Other non-controlling case law states otherwise. *See, e.g., Paul v. Experian Info. Sols., Inc.,* 793 F. Supp. 2d 1098, 1103 (D. Minn. 2011) ("No language in the statute requires a CRA to forward documents to data furnishers to satisfy its obligation."). Indeed, the plain language of the FCRA does not require such documentation. Without any controlling legal authority in this Circuit requiring CRAs to provide underlying documentation to satisfy 15 U.S.C. § 1681i(a)(2)(B), the Court would be hard-pressed to conclude that Experian knowingly or with reckless disregard violated the FCRA. As such, Plaintiff has failed to present evidence that Experian willfully violated the FCRA.

Last, Plaintiff asserts that because he is seeking injunctive relief in the form of correction to his credit report, he need not establish damages. The FCRA, however, "sets forth a detailed

9

remedial scheme that permits private parties to seek actual and punitive damages, but not injunctive relief (see 15 U.S.C. §§ 1681n, 1681o) and vests an exclusive right to seek injunctive relief in the FTC." *Novak v. Experian Info. Sols., Inc.,* 782 F. Supp. 2d 617, 625 (N.D. Ill. 2011) (citing 15 U.S.C. § 1681s(a)(1)); *see also Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000) ("We hold that the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC."); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 339-40 (N.D. Ill. 2002) ("Congress vested the power to obtain injunctive relief solely with the FTC."). Therefore, Plaintiff's argument based on injunctive relief is unavailing.

Because Plaintiff has failed to present evidence of actual damages or that Experian knowingly or with reckless disregard violated the FCRA, he has failed to establish the necessary element of damages to maintain his claims under 15 U.S.C. §§ 1681e(b), 1681i(a). *See Ruffin-Thompkins,* 422 F.3d at 610; *Smith v. Trans Union, LLC,* No. 13 C 9119, 2015 WL 1188189, at *5 (N.D. Ill. Mar. 12, 2015). The Court therefore grants Defendant's summary judgment motion and denies Plaintiff's summary judgment motion.

## CONCLUSION

For the reasons set forth above, the Court grants Defendant's summary judgment motion and denies Plaintiff's summary judgment motion. Civil case terminated.

**Date:** February 16, 2017  **ENTERED**

**AMY J. ST. EVE**
**United States District Court Judge**