IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ROBERT PAPPAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 8115 |
| | ) | |
| v. | ) | Judge Amy St. Eve |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants Defendant's Motion for a Determination of Bad Faith and Sanctions pursuant to 15 U.S.C. §§ 1681n(c), 1681o(b) and 28 U.S.C. § 1927. [126]. Defendant's fee petition is due on or before July 26, 2017. Sulaiman Law Group's response to Defendant's fee petition is due on or before August 4, 2017. Also, the Court grants Defendant's Bill of Costs in the amount of $1,471.50 pursuant to Federal Rule of Civil Procedure 54(d) as unopposed. [129].

## STATEMENT

On June 30, 2016, Plaintiff Michael Robert Pappas brought a one-count First Amended Complaint against Experian Information Solutions, Inc. ("Experian") for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. On February 16, 2017, the Court ruled on the parties' cross-motions for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(a) granting Defendant's motion, denying Plaintiff's motion, and dismissing this lawsuit in its entirety. Before the Court is the Defendant's Motion for a Determination of Bad Faith and Sanctions brought pursuant to 15 U.S.C. §§ 1681n(c), 1681o(b) and 28 U.S.C. § 1927. For the following reasons, the Court grants Defendant's motion.

## LEGAL STANDARD

### I.  FCRA Fees

Under 15 U.S.C. §§ 1681n(c) and 1681o(b), a party that files a "pleading, motion, or paper . . . 'in bad faith' or for purposes of harassment" may be liable for the other party's attorney's fees. *Ryan v. Trans Union Corp.*, No. 99 C 216, 2001 WL 185182, at *5 (N.D. Ill. Feb. 26, 2001). To prove "bad faith" under §§ 1681n(c) and 1681o(b) a party must "show either that the party subjectively acted in bad faith – knowing that he had no viable claim – or that he filed an action or paper that was frivolous, unreasonable, or without foundation." *Id.* at *5. Under §§ 1681n(c) and 1681o(b), courts can award fees against a plaintiff and/or his attorneys.

*See Lewis v. Trans Union LLC*, No. 04 C 6550, 2006 WL 2861059, at *3-4 (N.D. Ill. Sept. 29, 2006).

## II.     28 U.S.C. § 1927 Fees

Pursuant to 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 838 n.1 (7th Cir. 2010). A district court "has discretion to impose § 1927 sanctions when an attorney has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice, pursued a claim that is without plausible legal or factual basis and lacking in justification or pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Jolly Grp. Ltd. v. Medline Indus. Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (citations omitted). This standard does not require subjective bad faith as long as the "attorney's actions otherwise meet the standard of objective unreasonableness." *Id.* The Seventh Circuit has interpreted the § 1927 standard to impose a duty on attorneys to abandon proceedings when they are "fac[ed] with evidence showing [they] had no chance to prevail." *Tillman v. New Line Cinema*, 374 Fed. Appx. 664, 666 (7th Cir. 2010).

## BACKGROUND

Plaintiff Michael Robert Pappas ("Pappas"), a consumer as defined by the FCRA, is an Illinois resident who works as a credit analyst and loan originator. Plaintiff is represented by Sulaiman Law Group ("SLG"), which regularly engages in FCRA suits. Defendant Experian Information Solutions ("Experian") is a credit-reporting agency ("CRA") as defined by the FCRA. Experian's business consists in part of compiling consumer credit information and providing that information to third parties.

Prior to the action at issue here, Plaintiff owned multiple rental properties in Illinois. As the real estate market experienced a downturn, Plaintiff attempted to sell his properties, but failed. To minimize his losses, in April 2015 Plaintiff filed for Chapter 13 bankruptcy protection. Plaintiff's bankruptcy plan included requiring him to surrender each of his properties. Through his employment experience in the credit industry, Plaintiff had knowledge that filing for bankruptcy protection and having properties in foreclosure would negatively affect his ability to obtain new credit.

In addition, during April 2015, Plaintiff obtained a tri-merge credit report, combining the three national CRA's credit information. The April 2015 credit report showed that Plaintiff's U.S. Bank and Cenlar Central Loan Administration ("Cenlar") accounts had past due notifications and that foreclosure proceedings were pending on his Illinois properties. Consequently, in May 2015, Plaintiff sent two dispute letters to Experian, asking to update his credit file to reflect discharged debts from the bankruptcy. In response, Experian updated the U.S. Bank and Cenlar accounts.

In the midst of bankruptcy proceedings, Plaintiff attempted to buy a vacation home in Wisconsin. To that end, Plaintiff contacted two mortgage brokers. Both brokers notified him

that he would not qualify for a mortgage as long as there were pending foreclosures on his properties. Plaintiff discussed and was aware of the mortgage brokers' rationale as reflected by his e-mail exchanges with the brokers. Plaintiff supplied the e-mails to SLG about two months prior to filing the Original Complaint. Undeterred, Plaintiff proceeded to buy the Wisconsin home by paying cash.

Subsequently, on September 15, 2015, Plaintiff filed the present lawsuit against Experian, alleging that Plaintiff's credit reports contained inaccurate information that affected his credit score. More specifically, Plaintiff claimed that he lost the ability to obtain a mortgage for the Wisconsin vacation home and suffered emotional damage due to constant credit denials. During discovery, Experian deposed Plaintiff at which time Plaintiff admitted that he did not suffer any emotional damages or constant credit denials, and that the reason he was unable to obtain a mortgage for the Wisconsin property was due to his pending foreclosures – not his credit score.

Accordingly, Plaintiff moved, and was granted leave to file his First Amended Complaint ("FAC"). The FAC continued to allege that Experian had issued inaccurate credit reports, that he was unable to purchase the Wisconsin property based on his credit score, that he suffered loss of credit, and that he incurred emotional damages due to constant credit denials. Both parties then filed motions for summary judgment. The Court ruled in Experian's favor, reasoning that Plaintiff "failed to present evidence creating a genuine dispute of material fact for trial that he suffered actual damage as a result of inaccurate information in his April 2015 consumer credit report."

## ANALYSIS

In the present motion, Experian contends that 15 U.S.C. §§ 1681n(c), 1681o(b) and 28 U.S.C. § 1927 support an award of fees/sanctions against Plaintiff and his counsel, SLG. In particular, Defendant asserts that (1) the original complaint, (2) the amended complaint, and (3) Plaintiff's motion for summary judgment were all frivolous. The Court agrees.[1]

**I.     Original Complaint**

Defendant first argues that the Original Complaint was "frivolous and without foundation." In its motion, Defendant asserts that Plaintiff acted in bad faith since he knew beforehand that he was unable to obtain a mortgage because the lenders were concerned about ongoing foreclosure proceedings, and not, as the Original Complaint stated, because of his credit report. In the same vein, the Original Complaint alleges "constant credit denials" but Experian

---

[1] The Court notes that on June 5, 2017, Judge Kennelly – in another FCRA case involving SLG – granted Experian's motion for sanctions under Rule 11 warning SLG against similar conduct in the future. *See Jackson v. Experian Info. Sols., Inc.*, Case No. 15-CV-11140, Dkt. No. 108, at *3 (N.D. Ill. June 5, 2017). In *Jackson*, plaintiff admitted at his deposition that he did not suffer a loss of credit. *Id.* at *1-2. Nevertheless, the plaintiff and SLG continued to pursue the lawsuit. *Id.* at *5 ("The court fully expects that if the firm commits a comparable violation in the future or fails to institute procedures sufficient to avoid comparable violations, it will face a much more severe sanction as a result of this court's findings. Its awareness that this is so is a significant deterrent.").

3

asserts that there was no evidence of any denial(s) attributable to it in the first place. To support its assertion, Defendant points to evidence of e-mail exchanges between Plaintiff and the mortgage brokers stating Plaintiff's foreclosures were the dispositive issue in not awarding him a mortgage – Plaintiff provided these same e-mails to SLG prior to filing the Original Complaint.

As such, Plaintiff knew, or had reason to know, that Experian was not responsible for the harms alleged in his Original Complaint and is therefore subject to sanctions under §§ 1681n(c) and 1681o(b). *See Lewis*, 2006 WL 2861059, at *2-3 (plaintiff who knew CRA was not responsible for violations alleged in complaint subject to sanctions). Like *Lewis*, Plaintiff knew, prior to filing the Complaint, that he had "no viable claim." *Id.* at *3. First, there was no evidence of Plaintiff experiencing constant credit denials at the hands of Experian. Second, e-mails Plaintiff exchanged with mortgage brokers directly contradict the allegation in the Original Complaint that Plaintiff was unable to obtain a mortgage due to his credit score. The combination of these factors takes the air out of Plaintiff's argument that the Complaint was filed in "good faith" because Plaintiff had little to no factual backing for his assertions.

Similarly, SLG was on notice that Plaintiff's claim lacked merit because Plaintiff provided his counsel with the brokers' emails revealing the true reason why Plaintiff was unable to get a mortgage. *See Mayle v. Equifax*, No. 03 C 8746, 2006 WL 8424343, at *2 (N.D. Ill. Mar. 1, 2006) (imposing § 1927 sanctions on counsel that had documentation prior to filing the complaint that contradicted the plaintiff's claim). If SLG conducted a reasonable pre-filing inquiry, they would have realized that their client did not suffer any emotional damage as a result of his "credit denials," instead of waiting for Plaintiff's deposition. *See Jackson,* Case No. 15-CV-11140, Dkt. No. 108, at *3 ("The problem is that [SLG] made an unequivocal factual allegation attributing a particular injury to Experian without, apparently, even asking [the plaintiff] what harm he had suffered . . . [t]hat suggests the absence of reasonable pre-suit due diligence"). Therefore, SLG unreasonably multiplied the proceedings by negligently and indifferently failing to engage in a sufficient pre-filing inquiry in violation of § 1927. *See* 28 U.S.C. § 1927; *Claiborne v. Wisdom*, 414 F.3d 715, 721 (7th Cir. 2005).

## II.     Amended Complaint

Next, Defendant argues that Plaintiff's First Amended Complaint was "known to be frivolous" in light of discovery. Defendant claims that it was frivolous for Plaintiff to continue to assert in his amended pleading that he was facing constant credit denials and suffered emotional distress due to being denied a mortgage for the Wisconsin property. In response to the present motion, Plaintiff admits that he should have withdrawn the allegations of emotional distress and constant credit denials – downplaying this "mistake" as a result of mere "attorney negligence."

Courts in this district have sanctioned plaintiffs and counsel when a plaintiff contradicts herself in a deposition after filing a complaint, yet continues to assert the same claims in later pleadings. *See Ryan*, 2001 WL 185182, at *7; *see also Lancaster* 2011 WL 3610051, at *3. In *Ryan*, the plaintiff alleged violations of the FCRA against several CRAs. *Ryan,* 2001 WL 185182, at *1. Specifically, in *Ryan*, the plaintiff's wife opened several credit cards using his personal information. *Id.* Payment on the cards fell delinquent, thus the CRAs sent the plaintiff

4

multiple collection letters. *Id.* In his complaint, the plaintiff alleged that he informed the CRAs that, due to their separation, his wife did not have permission to obtain credit cards under his name. *Id.* At his deposition, however, the plaintiff conceded that one of the cards was opened before he had separated from his wife, that he had no problems with the charges that were made on the cards, and that he actually took no steps to inform the several CRAs that his ex-wife did not have permission to use his name. *Id.* at *2-3. The CRAs moved for § 1681n(c) sanctions after the plaintiff opposed their motion for summary judgment. *Id.* at *6. The district court rejected the plaintiff's opposition and imposed sanctions "not necessarily because the theory was legally meritless, but rather because it had no factual support." *Id.*

In relation to § 1927 sanctions, the district court's decision in in *Lancaster v. Trans Union, LLC,* No. 09 C 1698, 2011 WL 3610051 at *1 (N.D. Ill. Aug. 16, 2011)*,* lends guidance. There, the plaintiff alleged violations of the FCRA asking in part for emotional damages. *Id.* at *2. The court concluded that the plaintiff had no evidence with "respect to emotional distress[,] . . . [an inability] to demonstrate that she was entitled to a different interest rate than what she received . . . [and no] basis for her belief that the rate was a 'direct result' of the reporting of the account." *Id.* at *2-3. In view of discovery, it was uncovered that the plaintiff "never had a colorable claim for damages." *Id.* at *4. The *Lancaster* court applied § 1927 sanctions to the plaintiff's counsel for "fil[ing] the complaint without performing an adequate prefiling inquiry and without having a basis for claiming causation or damages." *Lancaster,* 2011 WL 3610051 at *5.

Here, Plaintiff and his counsel acted in bad faith by setting forth allegations that had no factual backing. Plaintiff continued to attribute emotional distress, constant credit denials, and the inability to get a mortgage to Experian in the FAC despite Plaintiff's contrary deposition testimony. Plaintiff and SLG moved to amend the Original Complaint to conform to discovery, yet the FAC contained the same meritless allegations. *See Jolly*, 435 F.3d at 719 (rejecting the plaintiff's counsel's assertion that he filed an amended complaint in order to conform to the record since the counsel continued to change facts and contradict himself). As discussed, SLG had direct evidence that Plaintiff's FCRA claim was without merit. Faced with this evidence, SLG continued to multiply the proceedings, "pursu[ing] an objectively unreasonable course by proceeding with [the] litigation." *Tillman*, 374 Fed. Appx. at 666. Multiplying the proceedings in this fashion is not "harmless" or mere "attorney negligence" as Plaintiff states in his response, but rather objectively unreasonable conduct, considering an attorney's "duty to dismiss claims that are no longer viable." *Jolly*, 435 F.3d at 720.

### III. Summary Judgment

Defendant further argues that Plaintiff's summary judgment motion was a "dead letter." (R. 126, Def's. Mot. at 13.) Specifically, Defendant asserts that the motion was frivolous because it was clear from the evidence that Plaintiff could not establish two prima facie elements under §§ 1681e(b) and 1681i(a), namely, "an inaccurate credit report issued to a third party *and* actual damages caused by the inaccurate credit reporting." *Id.* at 13-14 (emphasis in original). Defendant reasons that Plaintiff "ignor[ing]" these two elements amounted to "vexatious and unreasonable multiplication of the proceedings." *Id.* at 8.

5

In his summary judgment motion, Plaintiff continued to assert that Defendant supplied his account to a third party without any evidence. Plaintiff also offered alternatives to having actual damages under the FCRA – statutory damages and injunctive relief. The Court rejected Plaintiff's arguments because he failed to provide any evidence to back them up. Moreover, Plaintiff lacked any "factual support" behind his alternative theories for damages. *See, e.g., Ryan,* 2001 WL 185182 at *6. With the evidence (or lack thereof) in mind, "prudence should have counseled that by filing additional motions . . . [Plaintiff and SLG] were pursuing a path that was unsound." *Jolly*, 435 F.3d at 721.

### IV.     Sanctions and Fees

Because the Court concludes that reasonable attorney's fees under §§ 1681n(c), § 1681o(b), and 28 U.S.C. § 1927 are warranted against Plaintiff and SLG, Defendant must submit to the Court an itemized fee petition, including the dates and time expended, the descriptions of the services rendered, and the hourly rates Experian paid. Defendant's fee petition is due on or before July 26, 2017. SLG's response is due on or before August 4, 2017.

**Dated**: July 13, 2017

**AMY J. ST. EVE**
**United States District Court Judge**

6